[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 18, 2010
JOHN LEY
CLERK

No. 09-13249
Non-Argument Calendar

_____

Agency No. A099-554-258

HOWARD BRON SANCHEZ ORTIZ,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 18, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Howard Bron Sanchez Ortiz, a citizen of Colombia, petitions, through counsel, for review of the Board of Immigration Appeals's ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying him asylum and

withholding of removal under the Immigration and Nationality Act ("INA"), as well as relief under the United Nations Convention Against Torture ("CAT"). The BIA found that Ortiz was ineligible for relief because his testimony was not credible. On appeal, Ortiz argues that the BIA's adverse credibility finding was erroneous and the BIA unreasonably expected him to provide corroborating evidence in addition to his testimony. After thorough review, we deny the petition.[1]

When the BIA does not adopt the IJ's decision, we review only the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Credibility determinations are reviewed under the substantial-evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial-evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation omitted). Therefore, we will reverse a finding of fact "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

---

[1] Because Ortiz's counseled brief does not set forth an argument regarding CAT relief, he has abandoned the CAT issue on appeal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that a party abandons claims that he does not argue in his brief).

To be eligible for asylum "the [applicant] must, with credible evidence, establish (1) past persecution on account of [his] political opinion or any other protected ground, or (2) a 'well-founded fear' that [his] political opinion or any other protected ground will cause future persecution." Sepulveda, 401 F.3d at 1230-31 (quoting 8 C.F.R. § 208.13(a), (b)). To qualify for withholding of removal, an applicant must establish that it is more likely than not "that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (citing 8 U.S.C. § 1231(b)(3)(A)). The applicant bears the burden of proof in establishing his eligibility for asylum and withholding of removal. See id.; 8 U.S.C. § 1158(b)(1)(B)(i). While the burdens of proof for asylum and withholding of removal are different, if an applicant cannot establish that he has a well-founded fear of future persecution based on a protected ground if he were to be returned to his country, he cannot qualify for either asylum or withholding of removal. See Sepulveda, 401 F.3d at 1232-33.

An applicant's testimony, if credible, may carry his burden of proof without corroboration. 8 C.F.R. § 208.13(a). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287. The BIA must make a "clean" determination of credibility. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th

3

Cir. 2005). The BIA must also "offer specific, cogent reasons for an adverse credibility finding." Forgue, 401 F.3d at 1287. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA's] credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). We "may not substitute [our] judgment for that of the [BIA] with respect to credibility findings." Forgue, 401 F.3d at 1286 (quotation omitted). In addition, if an applicant who is not a credible witness produces other evidence of persecution aside from his testimony, the BIA is obligated to consider that evidence. Id. at 1287.

The REAL ID Act amended the INA's asylum provisions in 8 U.S.C. § 1158(b)(1)(B)(iii) to provide that an adverse-credibility determination can be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. Pub. L. No. 109-13, § 101(a)(3), (d), 119 Stat. 231, 303-05 (2005). Because Ortiz filed his asylum application in 2006, after the May 2005 effective date of the REAL ID Act, this provision applies to his claim. See Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305.

4

Here, the BIA's adverse credibility determination was supported by substantial evidence. There were two major discrepancies in Ortiz's evidence concerning: (1) his imprisonment in a cage on November 7, 2004; and (2) why he left the other captives behind when he escaped from imprisonment. These discrepancies are especially significant given that they both related to the only incident in which Ortiz alleged that he suffered actual physical persecution. Thus, because there were two major discrepancies in Ortiz's testimony, the record does not compel a reversal of the BIA's adverse credibility decision. Furthermore, the remaining evidence in this case does not compel a finding that Ortiz satisfied his burden of proof with regard to asylum and withholding of removal, and accordingly, we deny Ortiz's petition.

**PETITION DENIED.**